## DANIEL WESTON *versus* JOSHUA GIBBS, 3d.

A town treasurer is not liable in an action for money had and received to a creditor of the town, for merely neglecting to pay over money in his hands appropriated by the town to the payment of the claim of such creditor, and ordered to be so paid by the selectmen ; but the remedy of the creditor is by an action against the town.

THIS action was brought to recover the plaintiff's proportion of the proceeds of a sale of oysters by the town of Wareham, of which town the plaintiff was an inhabitant. The defendant was treasurer of the town.

The parties stated a case.

On the 17th of July, 1837, at a meeting of the inhabitants of the town, a committee was appointed, with authority to make sale of such quantities of the oysters belonging to the town as they might think for its interest. A contract was accordingly made by the committee for the sale of 4000 bushels, at $12\frac{1}{2}$ cents a bushel ; and the purchasers paid into the hands of the defendant, as town treasurer, the sum of $ 500.

At a meeting of the inhabitants on the 11th of March, 1839, it was voted, that the proceeds of such sale be granted to the several religious societies of the town, and that if any inhabitant of the town objected to such vote, he should be paid his proportion of the money, upon his applying to the town treasurer for the same within sixty days, and receipting

18

<div style="float:left">Weston<br>v.<br>Gibbs.</div>

therefor. On the 1st of May, 1839, the selectmen placed in the hands of the defendant an order directing him to pay, out of the proceeds of such sale, 22¾ cents to each person in Wareham entitled to a share thereof under such vote.

The plaintiff objected to the vote, and applied to the treasurer for his proportion of the money within the time limited ; but the defendant refused to pay the same.

If the Court should be of opinion, that the plaintiff was entitled to recover, judgment was to be entered in his favcr ; otherwise he was to become nonsuit.

S. *Miller* junior, for the plaintiff.

*Colby* and *Clifford*, for the defendant.

<div style="float:left"><em>May term<br>1840, at<br>Plymouth.</em></div>

Dɛwɛy J. drew up the opinion of the Court. The Court, before proceeding to adjudicate upon the question more particularly presented on the argument of this case, have found it necessary to consider the effect of an objection, which has occurred to us, of a more general character, and which, if well founded, is fatal to the present action.

This action is brought by the plaintiff tc recover his proportion of certain money in the hands of the defendant as treasurer of the town of Wareham, which money was the proceeds arising from the sale of oysters by that town. The right of the plaintiff to the money demanded by him, arises under a vote of the town of Wareham, directing that payment of such share of the money shall be made to any person, who shall manifest his dissent from the appropriation of the same to certain public objects, by his applying to the town treasurer, within sixty days from the time of the passing such vote, demanding the money and receipting for the same ; and also upon the further fact, that the selectmen of Wareham subsequently gave the defendant an order in writing to pay to each inhabitant of the town, the sum of *twenty-two cents and three fourths of a cent*, as his proportional share of the money so received from the sale of the oysters, upon the same being demanded by any of the inhabitants. It is admitted that the plaintiff duly made a demand, and the defendant refused to pay the same.

The question then arises, whether there be any such privity between the parties, as entitles the plaintiff to maintain this

action against the defendant. Is the treasurer of a town, or other corporation, liable in an action for money had and received to the use of those individuals, who are entitled to demand money from the town, or other corporation, when the treasurer has done no act to charge himself, except that of mere *non-feasance* in neglecting to pay over the money ? This subject has been recently before this Court in the case of *French* v. *Fuller*, (*ante*, *p.* 108,) where the plaintiff instituted an action against the defendant, to recover certain dividends due to the plaintiff upon his shares in the stock of the Central Bridge Corporation. The dividends had been duly declared by the directors of the company, and the same ordered to be paid ; and it was admitted, that there were sufficient funds in the hands of the treasurer. But the Court held that the Central Bridge Corporation was the principal debtor, and the treasurer was the mere servant of the corporation, and could not be charged by third persons for money due them from the corporation. The same objection applies to the present action. The suit is instituted against the defendant, being the treasurer of the town of Wareham, for money due from the town, and there is no other privity alleged between the parties than what results from the fact, that the defendant, as such treasurer, holds money to which the plaintiff is entitled. The remedy in the present case, if any exists, is by an action against the town of Wareham. Without therefore considering the merits of the other question raised in the present case, the Court are of opinion, that this action cannot be maintained and the plaintiff must become nonsuit.